516 So.2d 1154 (1988)
Michael BROWN, Individually and as Natural Tutor of the Minor Child, Marcus Brown
v.
SEARS, ROEBUCK AND COMPANY and Westinghouse Electric Corporation.
Nos. 87-C-0726, 87-C-0732.
Supreme Court of Louisiana.
January 7, 1988.
PER CURIAM.
Rehearing denied. In an abundance of caution, we elaborate upon the majority opinion, 514 So.2d 439 (La.1987). It is not our intention to hold that all escalators are unreasonably dangerous to small children. We merely found that the escalator in this case was unreasonably dangerous because of a failure to provide an adequate warning of a danger inherent in the use of the escalator which was not within the knowledge of or obvious to the ordinary user. This is an independent finding by this court and not an affirmance of the trial court's directed verdict which was flawed by an error of law.
COLE, J., concurs in denial, with reasons.
MARCUS, J., would grant a rehearing.
LEMMON, J., dissents from the denial of rehearing and assigns reasons.

ON APPLICATION FOR REHEARING
COLE, Justice, concurring in denial of rehearing.
While I adhere to the conclusion reached in this case, I deem it important to more fully address the concerns raised in the applications for rehearing.
The applicants fear our opinion will be interpreted by lower courts as holding escalators are unreasonably dangerous per se to small children. They assert this will lead to directed verdicts on the issue of liability whenever the plaintiff shows a small child was injured while riding on an escalator. Applicants are also concerned no warning will satisfy a majority of this court, other than one absolutely prohibiting small children from riding escalators, even when accompanied by an adult.
This court unanimously held that escalators are not unreasonably dangerous "per se." It was not our intention to hold that escalators are unreasonably dangerous per se to small children. It is clear a majority of this court rejected such a proposition. Perhaps the confusion created by our opinion *1155 can be traced to the failure of a majority of this court to identify precisely the legal theory upon which liability was based. I would clarify our opinion by making this basis clear. Under the facts of this case, the escalator was unreasonably dangerous because of the failure of the manufacturer and the custodian to provide adequate warnings of the danger encountered by Marcus Brown.
A manufacturer is required to provide an adequate warning of any danger inherent in the normal use of a product that is outside the knowledge, or is not obvious to, the ordinary user. Bloxom v. Bloxom, 512 So.2d 839, 843 (La.1987); Halphen v. Johns-Manville Sales Corp., 484 So.2d 110, 115 (La.1986). A determination of whether a particular warning is adequate is a question of fact, to be made by balancing a number of factors, such as the likelihood the warning will convey the nature of the danger to the users, the intensity and form of the warning, and the cost of improving the strength or mode of the warning. Bloxom, supra at 844.
In our original opinion, we summarized the warnings provided by the defendants. The evidence revealed Mrs. Brown followed these warnings. She held onto the handrail with one hand, and with the other she held the hand of her child. She adequately attended the child on the escalator. Despite the fact Mrs. Brown followed the available warnings, the injury occurred.
We found as a fact the child was engaged in normal use at the time of the injury. "Normal use" includes all foreseeable uses and misuses of a product. Bloxom, supra, at 843. We concluded the "exploring fingers of small children are a normal and foreseeable event."
Having found the child was engaged in normal use at the time of the injury, it was incumbent on the defendants to provide warnings of the dangers inherent in that use which was not within the knowledge of, or obvious to, an ordinary user such as Mrs. Brown, who was attending the child on the escalator. The danger encountered by the child was that his finger was small enough to become entangled in the moving mechanisms of the escalator which were quite close to his hand because of his diminutive size. For such a small child it is not unlikely the apparatus was inviting enough to entice his exploring fingers. This danger is neither obvious to, nor within the knowledge of, the ordinary user. The warnings available were simply inadequate to convey a message of this danger to one accompanying a child on the escalator. There was no warning that extreme caution be used when small children were being escorted on the escalator, nor was there any warning small children be required to remain in an upright position throughout the ride. In fact, the expert for the manufacturer acknowledged that he assumed children would play on an escalator.
I stress that questions of whether a warning is necessary to make a product reasonably safe, or whether a warning is adequate to convey the dangers inherent in the use of a product, are questions of fact. They should be so treated by this court in cases involving injuries to small children on escalators. In this case, we had a parent who followed the available warnings in escorting her child on the escalator, a child engaged in normal use of the escalator, and a danger not obvious to or within the knowledge of an ordinary consumer. Under these facts, and in light of the balancing factors outlined in Bloxom, this escalator was unreasonably dangerous to Marcus Brown because of the lack of adequate warnings.
LEMMON, Justice, dissenting from denial of rehearing.
The child's placing his finger into the air space at the bottom of the sidewall of the escalator, where the finger apparently got caught in the moving tread, was an extraordinary misuse of the escalator. The jury could have concluded (had the case not been taken from the jury) that neither the manufacturer nor the owner of the escalator should be required to anticipate or to warn against this type of misuse.